UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN HOBART ZENTMYER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 15-cv-0973-JAH(NLS)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. # 12)**

## INTRODUCTION

Currently pending before the Court is the motion to dismiss filed by Defendant United States of America ("Defendant"). The motion has been fully briefed by the parties. For the reasons set forth below, Defendant's motion to dismiss is GRANTED and Plaintiff's petition for declaratory and injunctive relief is DISMISSED.

## BACKGROUND

In November, 2004, Plaintiff John Hobart Zentmyer ("Plaintiff") was convicted of five white collar crimes, including making a false statement to a savings and loan association, failing to pay a tax, and evading reporting requirements. (Doc. # 8, pg. 2).[1] After unsuccessfully appealing his conviction, Plaintiff served terms of incarceration and

///

[1]Page numbers referenced are those assigned by the Case Management/Electronic Case Files ("CM/ECF") system.

supervised release. Id. While on supervised release, Plaintiff's probation officers[2] informed him that "he could 'never' possess a firearm" and warned Plaintiff "that if he ever did so he would be prosecuted under federal law." Id.

While still on supervised released, Plaintiff filed a complaint against Defendant, challenging 18 U.S.C. § 922(g)(1), the statute that prohibits felons from possessing firearms.[3] See Zentmyer v. United States, Case No. 13-cv-2345-JAH (NLS), S.D. Cal. In his complaint, Plaintiff sought declaratory and injunctive relief barring the enforcement of § 922(g)(1) against him. Defendant filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. On April 8, 2014, this Court granted Defendant's motion to dismiss, finding that Plaintiff lacked standing to bring the action.

Plaintiff's term of supervised released ended on May 8, 2014. (Doc. # 8, pg. 2). Thereafter, on April 30, 2015, Plaintiff filed another complaint against Defendant again challenging § 922(g)(1). (See Doc. # 1). On September 18, 2015, Plaintiff filed the operative first amended petition for declaratory and injunctive relief ("Petition"). (See Doc. # 8). In the Petition, Plaintiff contends that Congress's power to regulate the possession of firearms under § 922(g)(1) is derived from its power to regulate interstate commerce. Id. at 3–6. However, Plaintiff argues that mere possession of a firearm does not affect interstate commerce. Id. at 3. Plaintiff asserts that, under Scarborough v. United States, 431 U.S. 563 (1977), Defendant is permitted to presume that a firearm affects

---

[2]Although Plaintiff does not use the term "probation officers," he refers to these people as his "handlers" and "the two armed federal agents who were his supervised release handlers." (See Doc. # 8, pg. 2; Doc. # 14, pg. 5). The Court presumes that Plaintiff is referring to his probation officers.

[3]Specifically, 18 U.S.C. § 922(g)(1) states:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

interstate commerce so long as the firearm was transported in interstate commerce at some point in time. Id. at 3–6. Plaintiff contends that this "conclusive presumption . . . for attaching a commercial aspect to a felon's receipt of a firearm not in commerce" violates his Fifth Amendment right to due process[4] because it relieves Defendant from having to prove an essential element of a § 922(g)(1) charge. Id. at 6–8. Plaintiff thus seeks declarations that: (1) the gun Plaintiff wishes to acquire is not "in or affecting commerce," (2) Defendant cannot prosecute Plaintiff for possessing said firearm, and (3) § 922(g)(1) is unconstitutional. Id. at 11. Further, Plaintiff seeks an injunction prohibiting Defendant from prosecuting him under § 922(g)(1) for possession of a firearm. Id. at 12.

On October 26, 2015, Defendant filed a motion to dismiss Plaintiff's Petition. (See Doc. # 12). In the alternative, Defendant moves for summary judgment. Id. Plaintiff filed an opposition to Defendant's motion to dismiss or motion for summary judgment on November 6, 2015, and Defendant filed a reply on November 30, 2015. (See Docs. # 14, 15). On December 2, 2015, the Court took the motion under submission without oral argument pursuant to Civil Local Rule 7.1.d.1. (See Doc. # 16). Thereafter, on December 10, 2015, Plaintiff filed a sur-reply,[5] which this Court accepted. (See Doc. # 18).

## LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion to dismiss, the district court "is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). "In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the

---

[4]The Court construes Plaintiff's argument as alleging that Defendant violated his *Fifth Amendment* due process rights. Although Plaintiff states that the presumption that firearms affect interstate commerce violates his due process rights under the Sixth Amendment in his Petition, Plaintiff later clarifies that he is presenting "a due process challenge pursuant to the Fifth Amendment." (See Doc. # 8, pg. 7; Doc. # 14, pg. 6).

[5]Plaintiff titled his sur-reply "Plaintiff's Answer to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment." (See Doc. # 18).

existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Id. (quoting Thornhill Publ'g Co. v. Gen. Tel. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). The plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Failure to establish standing requires dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1), arguing that Plaintiff lacks standing.[6] (Doc. # 12-1, pg. 5–9).

### A. Plaintiff Lacks Standing to Bring the Instant Preenforcement Challenge

A federal court's judicial power is limited to "cases" or "controversies." U.S. CONST. art. III, § 2. The "case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008). To establish Article III standing, a plaintiff must show: (1) he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Maya, 658 F.3d at 1067 (internal citations omitted). Failure to satisfy any of these three criteria constitutes a "lack of Article III standing [and] requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Id. However, a plaintiff challenging the constitutionality of a criminal statute need not "first expose himself to actual arrest or prosecution," but may establish Article III standing by "alleg[ing] an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and demonstrating that "there

[6] Alternatively, Defendant moves for summary judgment or to dismiss the Petition for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, because this Court finds that Plaintiff lacks standing, Defendant's alternative arguments need not be addressed.

exists a credible threat of prosecution thereunder." Babbitt v. United Farm Workers, 442 U.S. 289, 298 (1979).

1. Injury In Fact

To determine whether Plaintiff has standing, the Court first examines whether Plaintiff has suffered an injury in fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiff filed the operative Petition in response to an alleged threat from his probation officers that Plaintiff could not possess a firearm and would be prosecuted if he obtained a firearm. Because Plaintiff has not been charged with violating § 922(g)(1), he must "satisfy the criteria for an injury-in-fact that apply to preenforcement challenges to statutes regulating conduct." Nichols v. Brown, 859 F.Supp.2d 1118, 1128 (C.D. Cal. 2012). To do so, Plaintiff "must show a 'genuine threat of imminent prosecution,'" not the "mere 'possibility of criminal sanctions.'" San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir.1996) (internal citations omitted). In evaluating the genuineness of an alleged threat of prosecution, the court examines the following three factors: (1) whether the plaintiff has articulated a concrete plan to violate the challenged statute, (2) whether "prosecuting authorities have communicated a specific warning or threat to initiate proceedings," and (3) whether there is a "history of past prosecution or enforcement under the challenged statute." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc ).

(a) Plaintiff Alleges a Concrete Plan to Violate Section 922(g)(1)

The first element in an injury-in-fact analysis for preenforcement challenges is whether the plaintiff has articulated a "concrete plan" to violate the contested statute. Id. Defendant argues that Plaintiff's alleged plan to acquire a firearm and violate § 922(g)(1) is not concrete because Plaintiff's original complaint stated that he would take possession of a firearm on July 10, 2015, but Plaintiff's Petition states that he will carry out his plan on November 9, 2015. (Doc. # 12-1, pg. 7). Because Plaintiff changed the date he planned to acquire the firearm, Defendant contends that Plaintiff's plan is not concrete, but is "fluid, evanescent, and readily changeable." Id. In opposition, Plaintiff argues that

his Petition sets forth a concrete plan sufficient to establish preenforcement standing. (Doc. # 14, pg. 5). Plaintiff asserts that "[a] pre-enforcement plan is not concrete when it '[does not specify 'when, to whom, where, or under what circumstances' [the movant intends] to violate the challenged statute." Id. (citing Libertarian Party of L.A. Cnty. v. Bowen, 709 F.3d 867, 871 (9th Cir. 2013)). Plaintiff contends that his plan to acquire a firearm speaks to all of those questions and is thus concrete. (Doc. # 14, pg. 5). In reply, Defendant argues that Plaintiff's plan is not concrete, but is just an attempt to plead around the jurisdictional defects in his previous complaint. (Doc. # 15, pg. 3).

As noted above, Plaintiff is not required to violate § 922(g)(1) and subject himself to prosecution to establish an injury in fact. See Babbitt v. United Farm Workers, 442 U.S. 289, 298 (1979). However, Plaintiff must articulate a concrete plan in sufficient detail to convey the timing and circumstances of the anticipated action. See, e.g., Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). A general intent to violate the law on some unspecified day in the future does not amount to a concrete plan. Id. at 1139–40; Nichols v. Brown, 859 F.Supp.2d 1118, 1129 (C.D. Cal. 2012); San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1127 (9th Cir. 1996).

Here, Plaintiff alleges a concrete plan to violate § 922(g)(1). Specifically, Plaintiff alleges in the Petition that "[a]t 10:30 A.M. on Monday, November 9, 2015 . . . near the front entrance of the Discount Gun Mart, located at 8516 Magnolia Avenue, Santee, California 92071, Plaintiff will non-commercially acquire a firearm from a private party, to wit: A six-round Smith & Wesson .38 special caliber K-frame Combat Masterpiece revolver. . . ." (Doc. # 8, pg. 2). This is not a vague plan that will occur on an unspecified date in the future. Rather, Plaintiff specifies in the Petition when, where, and under what circumstances he intends to violate § 922(g)(1) by acquiring a firearm. Furthermore, the fact that Plaintiff once changed the date of his plan when he filed the amended Petition is inapposite and his plan still concrete. Parties regularly file amended pleadings for a variety of reasons. As noted above, parties are not required to actually violate statutes to

establish an injury in fact. It follows that, in conjunction with filing the amended Petition, Plaintiff would need to change the date of his plan to acquire the firearm to challenge § 922(g)(1).

(b) Plaintiff Fails to Allege that Prosecuting Authorities Have Communicated a Specific Threat to Prosecute Him

To satisfy the second element in an injury-in-fact analysis for a preenforcement challenge, the plaintiff must show that prosecuting authorities "have communicated a specific warning or threat to initiate proceedings" against the plaintiff should he violate the contested statute. Thomas, 220 F.3d at 1139; see also Ripplinger v. Collins, 868 F.2d 1043, 1047 (9th Cir. 1989). Defendant argues that Plaintiff did not allege a specific threat of prosecution in the Petition because Plaintiff relies on the same warning from his probation officers that this Court previously determined was not a credible threat of imminent prosecution. (Doc. # 12-1, pg. 8). In opposition, Plaintiff contends that the Petition's allegations that Plaintiff's probation officers told him he could never possess a firearm and would be prosecuted if he did so demonstrate that he faces a specific threat of prosecution. (Doc. # 14, pg. 5). Plaintiff further asserts that although the Court previously determined that this warning was not a credible threat of imminent prosecution, the threat coupled with Plaintiff's articulated plan to violate § 922(g)(1) establishes that Plaintiff faces a specific threat of prosecution. Id. at 5–6.

"[A]n 'imaginary or speculative' fear of prosecution is not enough" to establish a specific warning or threat of prosecution. Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir. 1986) (citing Younger v. Harris, 401 U.S. 37, 42 (1971)). Moreover, a general threat of prosecution is not enough to confer standing. Poe v. Ullman, 367 U.S. 497, 501, 508 (1961)(mere allegation that state attorney intended to prosecute any offense against state law held insufficient to confer standing); Western Mining Council v. Watt, 643 F.2d 618, 626 (9th Cir. 1981) (Secretary of Interior's statement that "plaintiffs cannot dig in the ground" was not a sufficiently specific threat of prosecution to confer standing); see also Rincon Band of Mission Indians v. San Diego Cnty., 495 F.2d 1, 4 (9th Cir. 1974).

Alternatively, a specific warning of an intent to prosecute the plaintiff under a criminal statute may suffice to establish imminent injury and confer standing. See, e.g., Steffel v. Thompson, 415 U.S. 452, 459 (1974) (holding, in a First Amendment case, that the plaintiff had established a specific threat of prosecution when he was twice warned to stop handbilling, was told by police that he would likely be prosecuted if he handbilled again at the shopping center, and his companion had already been prosecuted); Ripplinger v. Collins, 868 F.2d 1043, 1047 (9th Cir.1989) (holding, in a First Amendment case, that a specific threat of prosecution existed where a deputy county attorney personally warned the plaintiff that charges would be initiated if he continued to distribute alleged inappropriate material).

Here, Plaintiff has not established a specific threat of prosecution. In the Petition, Plaintiff alleges that "[d]uring his term of supervised release, Plaintiff was informed by his handlers that he could 'never' possess a firearm and was warned that if he ever did so he would be prosecuted under federal law." (Doc. # 8, pg. 2). At best, this warning from Plaintiff's probation officers can be characterized as a general threat of prosecution, which is insufficient to confer standing. See Rincon Band of Mission Indians v. San Diego County. 495 F.2d at 4 (finding the plaintiff-Indian tribe's allegations that sheriff department employees' told "a few members of the Band that all gambling is illegal under [a county gambling] ordinance" and allegations that the sheriff informed the plaintiffs "that the state and county laws are specific as to gambling and all the laws of the county would be enforced within his jurisdiction" established a general threat of prosecution which was insufficient to confer standing).

Further, the threat of prosecution that Plaintiff alleges lacks imminency. Poe v. Ullman, 367 U.S. 497, 501 (1961) (stating that "lack of immediacy of the threat described . . . might alone raise serious questions of non-justiciability"). Plaintiff received this alleged threat while on supervised release, and his term of supervised release ended on May 4, 2014. Plaintiff thus attempts to establish a threat of imminent prosecution based on a single warning given by his probation officers more than two years ago. Plaintiff does

not allege that he has received any additional, more recent threats of prosecution. Plaintiff, therefore, has failed to establish a specific threat of prosecution.

(c) Plaintiff Fails to Establish a History of Enforcement

The third element in an injury-in-fact analysis for preenforcement challenges examines whether there is a "history of past prosecution or enforcement under the [challenged] statute." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). This inquiry is relevant because an absence of past prosecutions "undercuts [plaintiffs'] argument that they face a genuine threat of prosecution." San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1128 (9th Cir. 1996).

Here, Defendant contends that Plaintiff failed to address previous prosecutions under or enforcement of § 922(g)(1) in his Petition. (Doc. # 12-1, pg. 8). Defendant also argues that, even if Plaintiff could establish that § 922(g)(1) has been consistently enforced in the past, such a showing would be insufficient to establish standing. Id. In opposition, Plaintiff does not assert that his Petition addressed the history of enforcement of § 922(g)(1). Instead, Plaintiff alleges for the first time that "[his] more than ten years of legal research show that tens if not hundreds of prosecutions have been initiated under [§] 922(g)(1) when a felon has been in possession of a firearm." (Doc. # 14, pg. 7).

The party seeking to invoke federal jurisdiction bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, courts have held that a plaintiff lacks standing where the plaintiff has neither established a specific threat of enforcement nor alleged that the challenged statute has been applied to himself or others. See San Diego Cnty. Gun Rights Comm., 98 F.3d at 1128; Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Rincon Band of Mission Indians v. San Diego Cnty., 495 F.2d 1, 4 (9th Cir. 1974).

Here, Plaintiff did not establish a history of past prosecutions under or enforcement of § 922(g)(1). Plaintiff's Petition makes no mention of prior enforcement of § 922(g)(1), and Plaintiff's opposition brief offers a single unsubstantiated claim that there have been "tens if not hundreds" of prosecutions under § 922(g)(1). Such a statement first expressed

in an opposition brief is insufficient to establish the existence of past prosecutions under § 922(g)(1).

CONCLUSION AND ORDER

In conclusion, because Plaintiff failed to allege a specific threat of prosecution under § 922(g)(1) and history of prosecutions under or enforcement of § 922(g)(1), the Court finds that Plaintiff did not adequately demonstrate that he suffered an injury in fact. Thus, Plaintiff failed to establish standing, so the Court lacks subject matter jurisdiction. Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. # 12) is **GRANTED** and Plaintiff's Petition is **DISMISSED.**

Dated: September 12, 2016

JOHN A. HOUSTON
United States District Judge